# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARYZTA LLC, | |
|     Plaintiff, | NO. 3:17-CV-02362 |
|     v. | (JUDGE CAPUTO) |
| GOTTSTEIN CORPORATION, | |
|     Defendant. | |

## **MEMORANDUM**

Presently before me is Defendant Aryzta LLC's ("Aryzta" or "Plaintiff") Motion for Partial Summary Judgment (Doc. 32) on its Breach of Contract claim against Defendant Gottstein Corporation ("Gottstein" or "Defendant"). Specifically, Aryzta contends that Gottstein breached its contract with Aryzta by failing to properly manage and clean its work area causing metal shards to be produced in Aryzta's food products. Because there are genuine issues of material fact over the responsibilities and work performed under the contract, the Motion will be denied.

## **I. Factual Background**

Plaintiff Aryzta "operates a commercial bakery in Hazleton, Pennsylvania." (Doc. 32 (Plaintiff's Statement of Material Facts) and Doc. 37 (Defendant's Counterstatement of Material Facts) at ¶ 1)). Defendant Gottstein "is in the business of, *inter alia*, performing platform and catwalk fabrication for the food and beverage industry." (*Id*. at ¶ 2). Aryzta entered into a contract with Gottstein in October 2015 where Gottstein agreed to fabricate and install kick plates on Aryzta's catwalks above its food processing equipment. (*Id*. at ¶¶ 3-4, 10). Gottstein agreed to perform this work "in a professional and workmanlike manner" and agreed to indemnify Aryzta for any "expenses occurred by ARYZTA arising from breach" of this agreement. (*Id*. at 5-6; *see also* Doc. 32 Ex. D (Purchase Order)). Gottstein further agreed to follow its internal "Good Manufacturing Practices" when performing the

work which included a provision mandating Gottstein "to insure that foreign material does not contaminate the . . . product on the process line, finished product, or food processing equipment." (*Id*. at ¶¶ 7-8; *see also* Doc. 32 Ex. E (Gottstein Corporation's Good Manufacturing Practices)).

Gottstein proceeded to fabricate aluminum kick plates for Aryzta's catwalks. (*Id*. at ¶ 10). To install these kick plates, Gottstein needed to drill holes through the plates so that they could be bolted to the catwalks' rails. (*Id*. at ¶ 11). Because this drilling created aluminum shards and because Gottstein completed the drilling on the catwalks, Gottstein placed a plastic covering over the food production line below. (*Id*. at ¶¶ 12 - 15, 16, 17). Following its work, Gottstein performed a clean up of the site to get rid of any debris, including any loose shards. (*Id*. at ¶¶ 19-20). Aryzta points to evidence, however, that Gottstein did not adequately clean up the site and left behind some of these shards, which, Aryzta argues, caused a shard to be produced in its food product. (*Id*. at ¶¶ 22-24; Doc. 6 at ¶¶ 12-13 (Plaintiff's First Amended Complaint)).

Aryzta proceed to file a Complaint against Gottstein on December 20, 2017 (*see* Doc. 1), followed by an Amended Complaint on January 16, 2018 (*see* Doc. 6), alleging Negligence and Breach of Contract due to Gottstein's alleged failure to properly clean up the metal shards produced from drilling the kick plates. Aryzta alleges further that, as a result of this negligence and/or breach, it was forced to "withdraw that food from the market" and incur various expenses. (Doc. 6 at ¶ at 13). On February 16. 2018, Gottstein filed an Answer to Aryzta's Complaint denying all of the allegations. (*See* Doc. 10).

Aryzta then filed the instant Motion for Partial Summary Judgment on its Breach of Contract Claim, including a Brief in Support thereof and a Statement of Undisputed Material Facts on October 1, 2019. (*See* Doc. 32). Aryzta claims that, according to the undisputed facts, "Defendant breached its contract with Aryzta by failing to perform their work in a

workmanlike matter and for the purposes it was intended - as required by the Purchase Order - where Defendant performs the work in such a way as to insure foreign material does not contaminate the food product or food processing equipment." (Doc. 32 at 9 (Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Breach of Contract Claim) ("Plaintiff's Motion") (internal citation and quotation omitted)). Defendant Gottstein responded with a Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment as well as a Counterstatement of Undisputed Facts on October 30, 2019. (Doc. 37). A Reply to Defendants's Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 38) was filed by Aryzta on November 13, 2019. The Motion has been fully briefed and is ripe for review.

## II. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When evaluating a motion for summary judgment, I will consider "all probative materials of record, with inferences drawn in favor of the non-moving party." *Chavarriaga v. N.J. Dep't of Corrs.*, 806 F.3d 210, 218 (3d Cir. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986)); *Brooks v. Kyler*, 204 F.3d 102, 105 n. 5 (3d Cir. 2000)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Santini v. Fuentes,* 795 F.3d 410, 416 (3d Cir. 2015) *(*citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute over a material fact is 'genuine' if a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996). Where there is a material fact in dispute, the moving party has the

3

initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp.*, 477 U.S. at 323. "When considering whether there exist[s] genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57. I need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the court's function is not to weigh the evidence or determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *American Eagle Outfitters v. Lyle & Scott*

4

*Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (citing *Anderson*, 477 U.S. at 248-49).

### III. Discussion

Aryzta asserts claims against Gottstein for Breach of Contract due to its alleged failure to perform the contracted kick plate fabrication and installation in a workmanlike manner as required by the Purchase Order. (*See* Doc. 6). To establish a breach of contract claim under Pennsylvania Law, a "Plaintiff must demonstrate: 1) the existence of a contract, including its essential terms; 2) breach of a duty imposed by that contract; and 3) resultant damages." *Fagal v. Marywood University*, 2017 WL 4540613, at *7 (M.D. Pa. 2017); *see also Peoples State Bank of Wyalusing, PA v. Wellsburg Truck & Auto Sales, Inc.*, 2013 WL 818726, at *6 (M.D. Pa. 2013); *J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc.*, 792 A.2d 1269, 1272 (Pa. Super. 2002); *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 884 (Pa. Super. 2000). "'The fundamental rule in interpreting the meaning of a contract is to ascertain and give effect to the intent of the contracting parties.'" *Id*. (quoting *Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001). "The interpretation of a contract ordinarily is a question of law for the courts and becomes a question for a finder of fact when, for instance, the contract is ambiguous." *Piezo Crystal Co., a Div. of PPA industries, Inc. v. Uddeholm Corp.*, 870 F.Supp. 589, 597 (M.D. Pa. 1994); *see also Fagal*, 2017 WL 4540613, at *7 (internal citation and quotation omitted) ("The meaning of an unambiguous written instrument presents a question of law for resolution by the court."). "The court determines whether the terms of the contract are unambiguous." *Id.* (citing *Griesmann v. Chemical Leaman Tank Lines, Inc*., 776 F. 2d 66, n. 9 (3d Cir. 1985). If the terms are ambiguous, it is inappropriate for me to resolve them on a motion for summary judgment. *See New Prime, Inc. v. Brandon Balchune Construction, Inc.*, 2017 WL 6419281, at*6 (M.D. Pa. 2017) ("'[W]hile this court may determine the existence of an ambiguity as a matter of law, [ ] the resolution of conflicting

parol evidence relevant to what the parties intended by the ambiguous provision is for the trier of fact.'" ) (quoting *Windows v. Erie Ins. Exch.*, 161 A.3d 953, 958 (Pa. Super. 2017).

"'When performance of a duty under a contract is due, any non performance is a breach.'" *Fagal*, 2017 WL 4540613, at *7 (quoting *Widmer Eng'g, Inc. v. Dufalla*, 837 A.2d 459, 467 (Pa. Super. 2003). "Thus, if a party is able to prove breach of contract but can show no damages flowing from the breach, the party is nevertheless able to recover nominal damages under Pennsylvania law." *Id*. "Accordingly, it is generally inappropriate for a court to grant summary judgment [in favor of a defendant] based solely on a failure to prove damages flowing from a demonstrated breach of contract." *Id*.

First, while Gottstein and Aryzta argue over their specific obligations under the contract and whether those obligations were fulfilled, it is uncontested that the parties had a contractual relationship where Gottstein agreed to fabricate and install kick plates for Aryzta's catwalks. (*See* Doc. 32 and Doc. 37 at ¶ 3). Further, with regard to damages, because Aryzta is at least entitled to recover nominal damages if Gottstein breached the contract, I can turn straight to the question of breach to decide whether Aryzta is entitled to summary judgment. *See Fagal*, 2017 WL 4540613, at *8 (holding that damages prong of breach of contract claim was met at summary judgment stage because plaintiff was, at minimum, entitled to nominal damages).

In arguing for summary judgment, the Plaintiff shows, and Gottstein does not dispute, that Gottstein agreed to fabricate kick plates and install them on Aryzta's catwalks in a "professional and workmanlike manner." (*See* Doc. 32 and Doc. 37 at ¶ 3). This meant, in part, that Gottstein had a duty to carry out its work "in such a manner as to insure that foreign material" did not enter the food production line and contaminate the food. (*Id*. at ¶¶ 7-8). Following its fabrication and installation of the kick plates on the catwalk, in line with this standard, Gottstein points to evidence that it "performed a clean up after [it] finished [its]

work with a dustpan, brush and a vacuum cleaner," (Doc. 37 at ¶ 21; *see also* Doc. 37 Ex. B 55: 20-25 (Deposition of Kenneth Gottstein)) and "did a walk around of the area." (Doc. 37 at ¶ 22; *see also* Doc. 37 Ex. A 69: 22 - 70: 4 (Deposition of Andrew Skuntz)). Gottstein further points to evidence that this walk around was conducted with Aryzta maintenance manager Mark Prehotsky and that there were no shards found in the area after the completion of Gottstein's work. (*Id*.; *see also* Doc. 37 Ex. A 69: 22 - 70: 4).

Aryzta points to evidence, however, that it nonetheless found shards of aluminum from the kick plates around the edges of the catwalk following the cleanup (Doc. 32 at ¶¶ 22, 24; Doc. 32 Ex. H (Photo of Metal Shards)), and further asserts, without pointing to specific evidence, that one of these shards was found in a bread roll from their facility. (*See* Plaintiff's Motion at 10). Aryzta then points to emails between Aryzta and the President of Gottstein, Kenneth Gottstein, where Mr. Gottstein says that it "cannot assume all responsibility" for the incident. (Doc. 32 and Doc. 37 at ¶¶ 25; *see also* Doc. 32 Ex. 9 (E-mail from K. Gottstein to Aryzta)). Aryzta argues that this correspondence is proof that the Defendant knew it breached the contract. (Plaintiff's Motion at 10-11). This evidence, according to Aryzta, entitles it to summary judgement because it shows that Gottstein knew of its duties, breached them, and admitted such. (*See id*. at 10-11). As stated above, Gottstein rebuts Aryzta's Motion by pointing to evidence of the Aryzta-supervised walk through and industry standard site clean-up (Doc. 37 at ¶¶ 21-22; *see also* Doc. 37 Ex. A 69: 22 - 70: 4), and by arguing that, as such, it performed its duties under the contract as demonstrated by its subsequent discharge by Aryzta. (*See* Doc. 37 Ex. A at 39:12-18, 69: 22 - 70: 4; Ex. C 22: 21-23 (Deposition of Mark Prehotsky)). Gottstein further points to evidence that Aryzta maintained that it would be performing a follow up inspection and sanitation to eliminate the possibility of contamination. (*See* Doc. 37 Ex. C at 23: 10-19).

Looking at all this evidence in favor of the non-moving party, there is a genuine

dispute regarding the expectations of the parties related to the contract as well as a genuine dispute over the work performed under the contract.  While Aryzta believes that Gottstein, pursuant to the contract and Gottstein's own policies, was required to eliminate the possibility of a metal shard being produced in the food (Plaintiff's Motion at 10), Gottstein believes that it had the duty to clean the site according to its prevailing standards then let Aryzta do a follow up inspection and sanitation.  (Doc. 37 at 11  (Defendant's Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment).  Further, while Aryzta claims that Gottstein caused a metal shard to be produced in its food product, it fails to point out the exact mechanism by which the shard found its way into the bakery roll, presenting nothing more than a picture of an isolated metal shard and an acknowledgment that such a shard could be produced by Gottstein.  (*See generally* Plaintiff's Motion; Doc. 32 Ex. H); *see also Rock Creek Lumber Co., Inc. v. Valley Mach. Works, Ltd.*, 2010 WL 2891535, at *9 (M.D. Pa. 2010) (denying summary judgment where moving party failed to show how defendant caused the injury with its prospective breach).   These disputes over the exact obligations under the contract and over who was responsible for the production of the metal shard in the food present disputes of material fact not suited for summary judgment.  *See Fagal*, 2017 WL 45406143, at *9 (citing *Norfolk Southern Ry. Co*. *v. Basell USA Inc.*, 512 F.3d 86, 96 (3d Cir. 2008)) ("This dispute, illustrating the subjective understandings of the contract, and the expectations flowing from it, are the reason why assessments of materiality are inherently problematic on summary judgment.").

## IV. Conclusion

Because there are genuine issues as to the material facts regarding Gottstein's performance as well as its responsibilities under the contact, Aryzta's Motion for Summary Judgment will be denied. An appropriate order follows.

| | |
|---|---|
| December 16th, 2019<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |