UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARYZTA, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 3:17-cv-02362 |
| v. | (SAPORITO, M.J.) |
| GOTTSTEIN CORPORATION, | |
| Defendant. | |

**MEMORANDUM**

This matter is before the court on the plaintiff's motion *in limine* to preclude testimony from Morgan Johnson Carpenter & Company (Doc. 63), the defendant's proposed damages expert witness. The motion has been fully briefed and is ripe for disposition following oral argument on August 26, 2020. For the reasons set forth herein, we will grant the motion.

## I. *Background*

Because we write for the parties, we will dispense with a formal recitation of the facts of this case and confine the facts to the issues addressed by the plaintiff's motion.

In a case management order signed by the late Honorable A. Richard Caputo on August 15, 2019, the defendant was directed to comply with the requirements of Fed. R. Civ. P. 26(a)(2) with respect to "expert witnesses" no later than October 2, 2019. (Doc. 31 ¶3). In the order it was anticipated that a pretrial conference would be set in November 2019. (*Id.* ¶6). In the interim, the plaintiff filed a motion for partial summary judgment (Doc. 32) which Judge Caputo denied on December 16, 2019, placing this case on his April 2020 trial list. (Doc. 40). Thereafter, on February 6, 2020, the parties filed a joint motion of date certain for trial indicating their availability during the weeks of 4/13/20, 5/4/20, 5/18/20, 6/1/20, and 6/15/20. (Doc. 41). On March 5, 2020, upon consideration of the joint motion for a date certain for trial, Judge Caputo removed the case from the April 2020 trial list and set August 31, 2020, as the date for trial. Additionally, he set a deadline for filing motions *in limine*, a date for the final pretrial conference, a deadline for the exchange of witness lists, and a date for the filing of pretrial memoranda. Finally, he stated that the objective of the order was to provide all parties with a timely resolution of their claims and to

facilitate, as efficiently as possible, an appropriate disposition of the issues at trial. (Doc. 42).

After Judge Caputo's unexpected death, this case was assigned to the undersigned upon consent of the parties. At counsel's request, we were able to accommodate the previously set deadlines and trial date. At no time during the assignment of this case to Judge Caputo and the undersigned did counsel seek to enlarge the time within which to name expert witnesses and submit expert reports. In fact, counsel for the parties timely complied with their obligations to name expert witnesses and to exchange reports under the directive of the original case management order. Specifically, the defendant named its liability expert witness and provided the expert's report to plaintiff's counsel on October 4, 2019.

The plaintiff timely filed the subject motion *in limine* on July 20, 2020, and a brief in support thereof. The plaintiff argues that the defendant first disclosed the damages expert witness on July 20, 2020. In addition, plaintiff argues that the untimely disclosure severely prejudices the plaintiff. In its brief in opposition, the defendant argues that the plaintiff is not prejudiced in that the report does not contain any

new theories of damages or any information not already in the possession of plaintiff. Moreover, the defendant contends that, if the plaintiff is prejudiced, it is not opposed to permitting plaintiff to take the expert's deposition or the plaintiff's submission of a rebuttal report from its damages expert witness.

## II. *Legal Standards*

A party "must make [expert testimony disclosures] at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Under Fed. R. Civ. P. 37(c)(1), "if a party fails to provide information or identify a witness as required by Rule 26(a) … the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." It is the burden of the untimely-producing party to prove substantial justification or harmlessness. *Bryant v. Wilkes-Barre Hosp. Co., LLC*, No. CV 3:14-1062, 2016 WL 3615264, at *8 (M.D. Pa. July 6, 2016). In determining whether to exclude a witness, the court should consider:

> (1) The prejudice or surprise of the party against whom the excluded evidence would have been admitted;
>
> (2) The ability of the party to cure that prejudice;

> (3) The extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and
>
> (4) Bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).

## III. *Discussion*

Here, the defendant contends that when defense counsel requested the expert report in preparation for trial from their client, counsel "was surprised to learn that one had been written and finalized in March 2020." (Doc. 65, at 3). Nevertheless, the proposed expert report dated March 4, 2020, states that the claims adjuster and defense counsel provided the expert with the documents upon which the report was based. (Doc. 63-4, at 3). Further, the report states that "on January 10, 2020, we spoke with [defense counsel], who advised us no other documents would be provided and requested we issue our report based on the available documents." (*Id.*). During oral argument, defense counsel did not offer any justification for the delay of more than nine months in disclosing the damages expert witness and report, other than to state that the report was only provided to them by the claims adjuster on July 17, 2020. Further, defense counsel confirmed that they never

5

mentioned or identified any damages expert witness in any capacity in this litigation other than in a communication to plaintiff's counsel on July 20, 2020—six weeks before the start of trial and nine months after the disclosure deadline. While we find no bad faith or willfulness on the part of the defendant or defense counsel, both the claims adjuster and defense counsel were aware of the damages expert witness as early as January 10, 2020, and in all likelihood—based upon a fair reading of the proposed report—earlier than that date. The report dated March 4, 2020, was addressed to the claims adjuster in Buffalo, New York. The report does not reflect that counsel was copied on the report, which is consistent with defense counsel's representations to the court. But, it is uncontested that despite the knowledge of a potential damages expert witness, the defendant did not provide any notice thereof to plaintiff.

The plaintiff maintains that it is prejudiced inasmuch as it has prepared and filed its witness list, exhibit list, and proposed voir dire questions. In addition, plaintiff's counsel has worked with defense counsel in preparation and submission of proposed jury instructions and a proposed verdict slip. The plaintiff further posits that it was forced to structure its case and draft pretrial submissions without knowledge of

defendant's proposed damages expert witness. In addition, the plaintiff contends that because of the untimely disclosure, it has been denied the opportunity to depose the proposed expert witness, challenge the admissibility of that proposed testimony, or to obtain an expert witness to present rebuttal testimony. We agree that the plaintiff has adequately established the existence of prejudice.

As to the second factor, the plaintiff argues that prejudice cannot be cured as trial is set to commence on August 31, 2020—six weeks from the date of disclosure of the damages expert witness and the report. Eliminating the prejudice by continuing the trial is unacceptable to the plaintiff in that it wants to proceed with trial on August 31, and it has prepared the case and witnesses to proceed on that date. We find that the parties requested a date certain for trial and knew of it as early as March 5, 2020.

As to the third factor, the plaintiff contends that, if we were to continue this case from the agreed-upon August 31 trial date, it would disrupt the orderly progression of this matter to trial. While we agree that a continuance would cure the prejudice, neither party has requested continuance of the trial. Moreover, we cannot guarantee the parties a

7

rescheduled trial date during the 2020 calendar year, especially because of the limitations placed upon the court by COVID-19 in scheduling jury trials throughout our district. In all likelihood, a rescheduled trial would occur in 2021.

The fourth factor is inapplicable as we find that there was no bad faith or willfulness in the defendant's failure to comply with the expert witness disclosure date.

Based upon the foregoing, we will grant the plaintiff's motion *in limine* to preclude testimony from defendant's proposed damages expert witness.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: August 28, 2020